IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TONY A. ADAMS,**

        **Petitioner,**

    **v.**                              **CIVIL ACTION NO. 2:07cv67**
                                             **(Judge Maxwell)**

**WARDEN at USP HAZELTON**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On August 21, 2007, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that he is being unlawfully detained in the Special Housing Unit (SHU). On September 27, 2007, the petitioner was granted leave to proceed *in forma pauperis*.

### I. PETITION

On August 21, 2007, the petitioner filed an Application for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241. The petitioner alleges that on April 5, 2006, he was sentenced in the United States District Court for the Western District of Virginia to a term of 125 months. The petitioner further alleges that while incarcerated at USP Hazelton, he has been placed in segregation within the SHU without a disciplinary hearing or sanctions that would support continued detention in segregation. The petitioner maintains that his confinement in segregation is in violation of the United States Constitution.

### II. ANALYSIS

In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court reviewed 32 years of Supreme Court case law explaining which prisoner claims are appropriate for habeas review, and held that regardless of the relief sought or the conduct challenged, the proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson at 82. Thus, in challenges to prison procedures, "where success in the action **would not necessarily** spell immediate or speedier release for the prisoner," § 1983, not habeas corpus, is the appropriate remedy. Id. at 81 (emphasis in the original). To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is to the fact or duration of the prisoner's confinement, or to the conditions of the prisoner's confinement. Todd v. Bakerville, 712 F.2d 70, 73 (4th Cir. 1983); Smith v. Gonzales, 2007 WL 789931, *5 (D.S.C.)(slip copy).

The Fourth Circuit has addressed the proper application of both a petition for writ of habeas corpus and civil rights action. In Lee v. Winston, 717 F.2d 888 (4th Cir. 1983), a state prisoner brought a § 1983 civil rights action and a § 2254 habeas action to preclude the state from surgically removing a bullet from his chest.[1] The Fourth Circuit framed the question before it as "whether the claim should be cognizable solely under the habeas statute, 28 U.S.C. § 2254, or whether it might properly be cognizable under both." Lee at 892. Acknowledging the procedural and substantive dichotomy between the two remedies, the Lee Court held:

> Because of their differing and, in critical respects, conflicting procedural and doctrinal regimes, we decline to treat Lee's claim as one potentially entitling him to relief under both statutes. We view Lee's claim as being most directly one
> 
> seeking to enjoin persons acting under color of state law from depriving a citizen

---

[1]Note that, in the instant case, the counterpart to a § 1983 civil rights action is an action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971).

> of the United States of a right secured by the Constitution, a claim properly
> treated as one grounded exclusively in § 1983. We do not consider it properly
> cognizable in the alternative or in parallel under the habeas statute, 28 U.S.C. §
> 2254.

Lee at 892. Recognizing there may be in some cases overlap between habeas corpus and a civil rights action, the court supported its decision be underscoring the distinction between the two remedies:

> ...the main thrusts of the two [remedies] are obviously different. [Habeas corpus]
> is primarily a vehicle for attack by a confined person on the legality of his custody
> and the traditional remedial scope of the writ has been to secure absolute
> release - either immediate or conditional - from custody. Conversely, § 1983 cannot
> be used to seek release from illegal physical custody....

Lee at 892.

In this case, the substance of the petitioner's allegations appear to be that he has been detained in segregation and/or the SHU without the benefit of a disciplinary hearing or sanctions to support continued detention in segregation within the SHU. There is no allegation in the petition, that if he succeeds, would spell either immediate or speedier release from incarceration for the petitioner. Success would, at the most, merely affect the circumstances of his confinement: i.e., continued placement in the SHU or a return to the general population.

Petitioner's claim could potentially be raised in a civil action seeking injunctive relief, but not as a habeas, and as such his case should be dismissed. Richmond v. Scibana 387 F.3d 602, 606 (7tbh Cir. 2004) (a petition for habeas corpus may not be "converted to a civil action, nor may district judges convert suits in the other direction); Gregory v. Outlaw, 2005 WL 2114051 (W.D. Tenn.) ( a court confronted with a habeas petition that is properly brought under § 1983 or Bivens should dismiss the petition rather than "converting" it to a § 1983 or Bivens action.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DENIED** without prejudice to the respondent's right to file a Bivens action.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on his docket sheet

DATED: October 16, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE